M'Coskey and Another *v.* Deming.

*A.* promised in writing, on the back of a promissory note held by *B.,* to pay him the amount of the note if not collected from the maker; but the consideration of the promise was not specified in the written promise. *Held,* that in a suit by *B.* against *A.* on the promise, the writing signed by *A.* was legal evidence; but, *quære,* whether it was sufficient of itself to support the action.

**19**

Nov. Term,
1832.

M'Coskey
v.
Deming.

Tuesday,
December 11.

ERROR to the *Vigo* Circuit Court.

BLACKFORD, J.—This was an action of assumpsit by *Deming* against *M'Coskey* and *Lane.* Plea, the general issue. Verdict and judgment for the plaintiff below.

The cause of action was as follows:—On the 18th of *April,* 1827, *Robert Neil,* by his writing obligatory, for value received promised to pay *Isaac Lambert* or bearer 540 dollars, on or before the 15th of *November* following. *Deming,* the plaintiff below, became possessed by delivery of this writing obligatory, before it was due. On the 15th of *May,* 1827, the defendants, *M'Coskey* and *Lane,* by their endorsement on the writing obligatory, acknowledged themselves responsible for the face of the obligation, if not collected from *Neil.* On the trial of the cause the plaintiff offered the acknowledgment, with *the obligation* on which it was endorsed, in evidence. The testimony was objected to, and the objection overruled. The admission of this evidence is the only error assigned.

The decision of the Circuit Court, complained of by the plaintiffs in error, amounted to nothing more than that the written acknowledgment was legal evidence in the action. The effect of that evidence, or how far it would go to establish the right of the plaintiff below to recover, was not made a question in the Circuit Court, and does not appear to have been there decided: of course, it is not before us for decision. Whether, where no new consideration passes between the newly contracting parties, the consideration for the promise to pay the debt of another should be in writing, as well as the promise itself, is a question upon which the decisions are contradictory, and respecting which we give no opinion.(1) We merely determine, as the Circuit Court did, that the written acknowledgment under consideration was admissible as evidence, without saying what other evidence, if any, was essential to sustain the cause.

*Per Curiam.*—The judgment is affirmed with costs.

*T. C. Cone,* for the plaintiffs.

*J. Farrington,* for the defendant.

(1) The *English* statute is 29 Car. 2, c. 3. For the *Indiana* statute, see R. C. 1831, p. 269. It has been held that, under the *English* statute, to charge the defendant on a promise to pay the debt of a third person, the consideration of the promise, as well as the promise itself, must be in writing. The leading case for this doctrine is *Wain* v. *Warlters,* 5 East, 10. That case, though occasionally questioned in *England,* continues to be there adhered to. 2 Stark. Ev.

2d Eng. ed. 349. Some of the decisions in the *United States* follow the case of *Wain* v. *Warlters*, and some oppose it. See note (1) to Stark. Ev. supra, 5th Am. ed.

"But any person may bind himself by an express parol promise, founded upon a new consideration, to pay the amount of another person's debt. As where *A.* having a lien upon policies of insurance in his hands, delivers them up to an agent of the owner, on an agreement that the defendant, the agent, will pay the amount of a bill drawn by his principal, and accepted by *A.* for the accommodation of the principal. The principle of this and similar cases seems to be very clear. *A.* had a right to retain the policies, and if the defendant had personally undertaken to pay him a sum of money in consideration of his giving up the policies, the doing so, being a relinquishment of an advantage by the plaintiff, would have been a good consideration to enforce the payment of the money; but if the relinquishment would have been a good consideration to support a promise to pay money, why should it not be equally sufficient to support any other promise? If a promise by the defendant to pay 20*l.* (the amount of the bill) would have been binding, why should not the promise to pay the amount of the bill specifically, be also binding? So, where the plaintiff had a lien on goods for a debt due from *A. B.*, and the defendant, in consideration that the plaintiff would relinquish his lien, promised to pay the debt, it was held that the case was not within the statute. So, where the plaintiff distrained for rent, and the defendant, an auctioneer, being in possession of the goods, and about to sell them for the benefit of the creditors, by virtue of a bill of sale made by the tenant, promised to pay the debt. *Williams* v. *Leper*, 3 Burr. 1886 ; 2 Wils. 308.—*Castling* v. *Aubert*, 2 East, 325, 330.—*Bampton* v. *Paulin*, 4 Bing. 264."—Stark. Ev. supra, 346. See the *American* cases on this subject. *Ib.* note (2).